IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**HERBERT J. BEYER,**

                **Plaintiff,**

    v.                                               **CASE NO. 17-3002-SAC**

**AUSTIN DESLAURIERS, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion to Dismiss filed by the defendants in this matter (ECF No. 17). Plaintiff has filed a response (ECF No. 19). For the reasons set forth below, Defendants' motion is granted.

**Summary of Complaint**

Mr. Beyer was convicted of a sexual offense in Wisconsin in 1986 and sentenced to serve ten (10) years. On May 15, 1987, Mr. Beyer was sentenced under a plea agreement in Sedgwick County, Kansas, to 5 to 10 years on one count of indecent liberties with a child and 5 to 20 years on one count of aggravated sodomy. The judge stated at the sentencing hearing that the Kansas sentences would "run consecutive one with the other" but "run concurrent with [Plaintiff's] Wisconsin time." ECF No. 5 at 8. According to Plaintiff, the judge also stated, "My intent is that you go serve your Wisconsin time. When they release you, you're released." *Id.* Mr. Beyer was returned to Wisconsin, where he was released on parole two years later, on April 20, 1989. He

1

was immediately turned over to the custody of the Kansas Department of Corrections on a detainer. He remained incarcerated in Kansas until February 11, 2002, at which point he was civilly committed under the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. § 59-29a01, *et seq*. He remains in the custody of the Kansas Department for Aging and Disability Services as a resident in the Sexual Predator Treatment Program (SPTP) at Larned State Hospital.

Plaintiff complains of the inadequacy of the SPTP. Plaintiff alleges the annual examinations of his mental condition mandated by the KSVPA to determine if he may be released have been perfunctory and ineffective. ECF No. 5 at 8. He further alleges the treatment he has received has been inadequate. He receives 1½ hours of group therapy per week and, at most, one individual therapy session per month. Plaintiff states there are seven therapists for over 257 SPTP residents, only one of whom is licensed while the other six are interns or doctoral students. Also, Mr. Beyer asserts that Defendants have failed to provide qualified educational counselors with a degree and specific training in the class/subject they are teaching. ECF No. 5 at 4. Plaintiff further states he "has suffered and will continue to suffer irreparable mental and emotional injury" as a result of the treatment inadequacies (ECF No. 5 at 9) and is deprived of a "realistic opportunity to progress through the program." ECF No. 5 at 4. Moreover, Mr. Beyer alleges that the grievance procedure in the SPTP is a "sham," and his grievances are "almost never given serious consideration." ECF No. 5 at 10.

Mr. Beyer names Tim Keck, Secretary of the Kansas Department for Aging and Disability; Michael Dixon, Administrator of the SPTP; Austin DesLauriers, Clinical Program Director of the SPTP; and Bill Rein, Superintendent of Larned State Hospital, as defendants. He brings five counts against these defendants. Count I alleges Defendants violated his Fourteenth Amendment due process rights by depriving him of adequate treatment to give him the opportunity to regain

his freedom. Count II alleges the same defendants violated his right under the Eight Amendment to be free from cruel and unusual punishment by confining him in Kansas when he should have been released at the conclusion of his Wisconsin sentence. Count III appears to be the same as Count I, alleging the same defendants violated Plaintiff's right to "adequate treatment and civil rights of civilly committed persons" under the Fourteenth Amendment. Count IV alleges the defendants violated "court ordered treatment under K.S.A. § 59-29a01 through K.S.A. § 59-29a24," again based on the inadequacy of the treatment program. Count V alleges Plaintiff's civil commitment violates the Double Jeopardy clause of the Fifth Amendment.

Plaintiff requests relief in the form of immediate release from the SPTP program, as well as actual, nominal, compensatory, and punitive damages.

**Motion to Dismiss (ECF No. 17)**

Defendants argue Plaintiff fails to allege facts showing he receives treatment so inadequate that it constitutes a substantial departure from accepted professional judgment or shocks the conscience, as required to state a constitutional violation. Rather, Defendants point out that Plaintiff's allegations show he is in fact receiving treatment, though he complains of the amount and the practitioners providing the treatment, and that his allegations fail to overcome a presumption of validity attached to the professional judgment of treatment providers. Defendants point out a recent Eighth Circuit case, *Karsjens v. Piper*, 845 F.3d 394 (8th Cir. 2017), rejected a similar challenge to Minnesota's sexual predator treatment program, which has no annual review of those involuntarily committed to the program and has had no one successfully complete the program and be released. Defendants argue Plaintiff's complaint contains no allegations of egregious, malicious, or sadistic conduct to satisfy the "shocks the conscience" standard for a due process violation.

As for Plaintiff's Eighth Amendment and Double Jeopardy counts, Defendants argue it is well-settled that the KSVPA is not government-imposed punishment, and the Act has a legitimate nonpunitive governmental objective to protect the public (citing *Kansas v. Hendricks*, 521 U.S. 346, 363 (1997)).

**Legal Standards**

**Rule 12(b)(6)**

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When applying this standard, a court must accept as true all well-pleaded factual allegations and then ask whether those facts state a plausible claim for relief. *See id.* at 679. Viewing the complaint in this manner, the Court must decide whether the plaintiff's allegations give rise to more than speculative possibilities. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

**28 U.S.C. § 1915(e)**

28 U.S.C. § 1915 applies to cases, such as this, that are filed *in forma pauperis*. Under subsection (e)(2)(B), such cases must be dismissed if the Court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). Dismissal under subsection (e)(2)(B) may occur at any time. 28 U.S.C. § 1915(e)(2).

## Analysis

**Civil Commitment under the KSVPA**

Mr. Beyer, in his response to the motion to dismiss, attempts to equate his status with that of a person involuntarily committed under general civil commitment statutes. However, as a civil committee under the KSVPA, Plaintiff is not a person who is civilly committed only for mental health issues, but neither is he a prisoner. Plaintiff is committed to a state mental health institution on the basis that he is a sexually violent predator from whom society needs to be protected.

The KSVPA was enacted for the "potentially long-term control, care and treatment of sexually violent predators," as well as for the protection of the public. K.S.A. § 59-29a01(a). "The legislature [ ] determine[d] that because of the nature of the mental abnormalities or personality disorders from which sexually violent predators suffer and the dangers they present, it [was] necessary to house involuntarily committed sexually violent predators in an environment separate from persons involuntarily committed" under the standard civil commitment statutes. *Id.*

Under K.S.A. § 59–29a02(a), a "sexually violent predator" is a person "who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in repeat acts of sexual violence." In other words, "the person's propensity to commit acts of sexual violence is of such a degree as to pose a menace to the health and safety of others." K.S.A. § 59-29a02(c). "Once it has been determined that a person is a sexually violent predator, he or she shall be committed to the custody of SRS for control, care, and treatment 'until such time as the person's mental abnormality or

5

personality disorder has so changed that the person is safe to be at large.'" *Johnson v. State*, 215 P.3d 575, 582 (Kan. 2009) (quoting K.S.A. § 59-29a07(a)).

Courts have found that "persons committed under the KSVPA are different from persons . . . civilly committed because of mental infirmities and not based on an adjudication of sexually violent behavior that posed a danger to others.. . . There are institutional and societal interests at stake in the protection of society from the dangerous and violent behavior of persons who are committed as sexually violent predators." *Burch v. Jordan*, No. 07-cv-3236-JAR, 2010 WL 5391569, at *14 (D. Kan. Dec. 22, 2010). This "compelling [State] interest in providing treatment and protecting the public prevails over the individual's interest in being free from compulsory confinement," resulting in the KSVPA being facially constitutional. *Johnson*, 215 P3d at 650 (citing *Kansas v. Hendricks*, 521 U.S. 346, 358 (1997)). It also results in more weight being given to the State's interests in the balancing of interests that must occur when determining whether Mr. Beyer has stated a claim for a due process violation.

**Count I: Fourteenth Amendment Due Process**

Mr. Beyer asserts Defendants violated his Fourteenth Amendment due process rights by depriving him of adequate treatment to give him the opportunity to regain his freedom. He claims he has not received sufficient individual or group therapy, in part due to persistent under-staffing, and the annual reviews mandated by the KSVPA have been "perfunctory and ineffective." In addition, Plaintiff alleges he has not been provided with qualified therapists or educational counselors.

In determining whether there has been a substantive due process violation, the question is whether the government has denied or deprived Plaintiff of a fundamental right or liberty. *Burch*, 2010 WL 5391569, at * 15. The Supreme Court has found that involuntarily committed

individuals retain "constitutionally protected interest in conditions of reasonable care and safety, reasonably nonrestrictive confinement conditions, and such training as may be required by these interests." *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982). These liberty interests are not absolute and must be balanced against the State's interests. *Id*. at 320. Moreover, "[t]here is no liberty interest in receiving the best available and most qualified treatment, or treatment that will ensure a resident's release." *Burch*, 2010 WL 5391569, at *16 (internal quotation marks omitted).

Treatment of a civilly committed person only violates due process rights if it represents "a substantial departure from accepted professional judgment, practice or standards" to a degree that demonstrates the defendants "actually did not base the decision on [professional] judgment." *Baker v. Keck*, No. 6:14-cv-01356-JTM-KGG, 2017 WL 3026143, at *5 (D. Kan. July 17, 2017) (citing *Youngberg*, 457 U.S. at 323); *Burch*, 2010 WL 5391569, at *14 (also citing *Youngberg*). The Court must balance the interests of the civil committee and the State to insure there is minimal interference with the internal operations of the State's facility and must consider any decision by a professional of that facility to be "presumptively valid." *Id.*

Plaintiff's claim of inadequate treatment in the SPTP relates directly to the exercise of professional judgment. Plaintiff's allegations do not overcome the presumptive validity of the professional nature of judgments made about the nature, type, and scope of Plaintiff's treatment. Under *Twombly*, merely labeling the treatment as "inadequate" is not enough. Plaintiff's allegations about the deficient qualifications of SPTP staff are conclusory and not supported by underlying factual allegations. His complaints about the annual review are also conclusory. He fails to identify the accepted standards or practices from which Defendants have allegedly deviated or to provide factual allegations showing a substantial departure from those standards that

7

demonstrates a complete lack of professional judgment. Mr. Beyer's complaint shows nothing more than disagreement or dissatisfaction with his current treatment program.

The crux of Plaintiff's complaint is that he is not provided with adequate treatment to allow him to regain his freedom. However, Mr. Beyer has "no constitutional right to a realistic chance of being discharged from the [SPTP]." *Baker*, 2017 WL 3026143, at *5; *see Burch* 2010 WL 5391569, at *16 ("Plaintiff's primary complaint . . . is that his treatment is inadequate to ensure his eventual release. Such treatment is not guaranteed under the Constitution."); *see Hendricks*, 521 U.S. at 366 (noting that even if treatment is not possible, "we have never held that the Constitution prevents a State from civilly detaining those for whom no treatment is available, but who nevertheless pose a danger to others.")

The complaint, in failing to allege facts that, if true, would demonstrate a substantial departure from accepted professional judgment or practice, fails to state a claim for deprivation of, or interference with, a liberty interest. Thus, Mr. Beyer fails to state a claim for violation of his substantive due process rights with respect to the cause of action for failure to provide adequate treatment.

This decision is in accord with two previous cases in this District challenging aspects of the KSVPA and the SPTP. In *Burch v. Jordan*, No. 07-cv-3236-JAR, 2010 WL 5391569 (D. Kan. Dec. 22, 2010), the plaintiff also alleged inadequate treatment in the SPTP. Mr. Burch made very similar allegations to Mr. Beyer, and Judge Robinson found on a motion to dismiss that he had failed to state a due process claim. In *Baker v. Keck*, No. 6:14-cv-01356-JTM-KGG, 2017 WL 3026143 (D. Kan. July 17, 2017), there were more than twenty plaintiffs, who were represented by counsel. On a complaint containing more detailed allegations than the complaint in this case,

the plaintiffs again alleged inadequate treatment in the SPTP. Judge Marten found, also on a motion to dismiss, that the plaintiffs had failed to state a due process claim.

**Count II: Eighth Amendment**

Mr. Beyer alleges the defendants violated his right under the Eighth Amendment to be free from cruel and unusual punishment by incarcerating him in Kansas when he should have been released at the completion of his Wisconsin sentence. The continuation of Plaintiff's argument is that if he had not been incarcerated in Kansas when K.S.A. 59-29a01 went into effect, he would never have been civilly committed under that statute.

The Eighth Amendment has been found to be inapplicable to civil committees. Person subject to involuntary commitment are protected by the Fourteenth Amendment rather than the Eighth Amendment. *Youngberg*, 457 U.S. at 325; *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1022 (10th Cir. 1996) (noting that pretrial detainees are protected by the due process clause and convicted persons are protected by the Eighth Amendment). Any claims Plaintiff brings pursuant to the Eighth Amendment are dismissed.

Furthermore, while Plaintiff presents this as a § 1983 claim, he is requesting release from confinement. An SVP committed to the SPTP is a person confined pursuant to the judgment of a state court and may challenge the fact or duration of his civil commitment by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Duncan v. Walker,* 533 U.S. 167, 176 (2001); *Seling v. Young,* 531 U.S. 250 (2001). A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997); *see Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir.

2005)("Habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release.").

**Count III: Fourteenth Amendment Due Process**

Count III appears to make the same allegations as Count I. Therefore, the same analysis applies, and Count III is also subject to dismissal.

**Count IV: Violation of Court-Ordered Treatment under KSVPA**

It appears that Plaintiff's argument in Count IV is that the he has not received adequate treatment as ordered by the Kansas District Court judge and as required by the provisions of the KSVPA. This is a claim based on a violation of state law. "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Thus, Plaintiff's allegation that a state statute, the KSVPA, was violated states no claim under § 1983.

**Count V: Double Jeopardy Violation**

In Count V, Plaintiff argues that his "conviction" under the KSVPA violated the Double Jeopardy Clause of the Fifth Amendment because it was based on past criminal behavior for which he was already punished. The Double Jeopardy Clause provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." The clause has been interpreted to prohibit a second prosecution for the same offense, as well as "punishing twice, or attempting a second time to punish criminally, for the same offense." *Hendricks*, 521 U.S. at 369 (quoting *Witte v. United States*, 515 U.S. 389, 396 (1995)).

In *Hendricks*, the Supreme Court rejected an identical challenge to the KSVPA, finding first, that the KSVPA is civil in nature and thus commitment proceedings do not constitute a second prosecution, and second, that commitment under the KSVPA is "not tantamount to 'punishment.'"

10

*Id.* Therefore, the Supreme Court held that involuntary detention under the KSVPA does not violate the Double Jeopardy Clause. *Id.*; *see also Seling*, 531 U.S. at 263 (rejecting argument that plaintiff should be able to raise an "as-applied" challenge to Washington's sexual predator act on double jeopardy grounds). Count V of Plaintiff's complaint fails to state a claim upon which relief can be granted.

**Complaints about Grievance Procedure**

While not brought as a separate count, Plaintiff complains that the grievance procedure in the SPTP is a sham and grievances are "almost never given serious consideration." ECF No. 5 at 10. Even if Plaintiff's allegations were not wholly conclusory, they do not state a constitutional violation, as there is no federal constitutional right to an institutional grievance procedure. *Boyd v. Werholtz,* 443 F. App'x 331, 332 (10th Cir. 2011) (unpublished) (collecting cases).

**Conclusion**

For the reasons stated herein, Defendants' Motion to Dismiss is granted, and the complaint is dismissed.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (ECF No. 17) is **granted**. The complaint is dismissed for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

DATED: This 7th day of June, 2019, at Topeka, Kansas.

s/_Sam A. Crow_____
**SAM A. CROW**
**U.S. Senior District Judge**