IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**HERBERT J. BEYER,**

          **Plaintiff,**

  v.              CASE NO. 17-3002-SAC

**AUSTIN DESLAURIERS, et al.,**

          **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion to Reopen Case filed by Plaintiff in this matter (ECF No. 26) and a Motion to Appoint Counsel (ECF No. 27). For the reasons set forth below, Plaintiff's motions are denied.

**Background**

The Court entered an order on June 7, 2019, granting Defendants' motion to dismiss and dismissing Plaintiff's complaint for failure to state a claim upon which relief may be granted. *See* ECF No. 22. On September 5, 2019, Plaintiff filed the pending motions.

**Motion to Reopen Case (ECF No. 26)**

While Plaintiff's motion is titled "Motion to Reopen Complaint", it does not explain why the case should be reopened or address the Court's order dismissing the case. It is in substance a complaint.

Under Rule 60(b), a party may move for relief "from a final judgment, order, or proceeding for the following reasons:

1

>   (1) mistake, inadvertence, surprise, or excusable neglect;
>
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Mr. Beyer does not mention Rule 60, let alone specify under which section he seeks relief. However, even a liberal construction of Mr. Beyer's motion does not support relief under Rule 60(b)(1) - (5). Therefore, the Court considers Plaintiff's motion under Rule 60(b)(6)—allowing for relief from a final judgment for "any other reason that justifies relief."

"Rule 60(b)(6) has been described by [the Tenth Circuit] as a grand reservoir of equitable power to do justice in a particular case." *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (quotations omitted). It should be reserved for "extraordinary circumstances." *Id.* In *Van Skiver,* the Tenth Circuit held that the pro se plaintiffs had not shown "any of the exceptional circumstances warranting relief under Rule 60(b)" where their motion simply "reiterated the original issues raised in their [earlier pleadings] and sought to challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood their position." *Id.; Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016). And, "a Rule 60(b) motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument." *Lebahn*, 813 F.3d at 1306.

Plaintiff's 60(b) motion merely reiterates the same assertions that were raised and rejected previously in this case. Accordingly, Plaintiff is not entitled to relief under Rule 60(b)(6). *See Whitmore v. Mask*, 612 F. App'x 501, 504 (10th Cir. 2015). Mr. Beyer has not raised any facts or issues that are so "unusual or compelling" that extraordinary relief is warranted or that it would offend justice to deny such relief. *See Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 580 (10th Cir. 1996). Therefore, his motion is denied.

**Motion to Appoint Counsel (ECF No. 27)**

There is no constitutional right to the appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey,* 461 F.3d at 1223, quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

The Court concludes that appointment of counsel is not warranted given the factual and legal issues in this case and Mr. Beyer's ability to present his claims. Moreover, the Court has denied Plaintiff's motion to reopen the case, thus making this motion moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reopen Case (ECF No. 26) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 27) is **denied**.

**IT IS SO ORDERED.**

DATED:  This 17th day of September, 2020, at Topeka, Kansas.


s/  Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**